IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| DAVID HAROLD WHITE ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 2:20-cv-00019 |
| v. ) | Judge Richardson/Frensley |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
|     Defendant. ) | |

REPORT AND RECOMMENDATION

BACKGROUND

This Social Security Complaint was filed on March 20, 2020. Docket No. 1. An Answer and the Administrative Record were filed with the Court on September 1, 2020. Docket Nos. 17 and 18. On September 2, 2020, the Court entered an Order directing the Plaintiff to file a Motion for Judgment based on the Administrative Record within 28 days of the entry of that Order. Docket No. 19. Accordingly, the Motion was due on or before September 30, 2020. *Id.* The Plaintiff did not file his brief as required by the Court's order. On October 19, 2020 the Court entered an Order requiring Plaintiff to show cause on or before November 9, 2020 as to why the case should not be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b). Docket No. 20. As of December 14, 2020, the Plaintiff has not filed his opening brief, nor has he responded to the show cause order in this matter. The Court must therefore determine whether the Plaintiff has abandoned his claim.

## LAW AND ANALYSIS

A. **Legal Standard**

Fed. R. Civ. P. 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Additionally, the courts have the power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct.; *see also Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980), *citing Link*, 370 U.S. at 626 ("[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal"). Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action is a Plaintiff fails to prosecute or to comply with an order of the Court. See, Jourdan v. Jabe, 951 F. 2d 108, 109 (6th Cir., 1991).

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the Plaintiff." *Carter*, 636 F. 2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382, 385 (5th Cir. 1978).

B. **The Case at Bar**

The scheduling order in this case indicates that to facilitate a review of the administrative decision, the filing of a motion for judgment based on the administrative record is appropriate and necessary for the magistrate judge's report and recommendation. Docket No. 19. That order sets forth a schedule for briefing this matter and outlines the information that should be included in an accompanying memorandum in support of the motion. *Id.* The Order further indicates **"[t]he Court will consider only those errors specifically identified in the briefs."** *Id.* (emphasis in original). The order further states that "**failure to support arguments with proper factual and legal citations will result in waiver of such argument**." *Id.* (emphasis in original)

When the Plaintiff did not comply with the Court's order, the Court afforded additional opportunity to show cause. Docket No. 20. Despite the deadline to show cause having long passed, Plaintiff has failed to respond to the Court's orders.

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy v. G.C.R., Inc.,* 110 F. App'x 552, 557 n.5 (6th Cir. 2004); see also *Mulbah v. Detroit Bd. Of Educ.*, 261 F.3d. 586, 590–91 (6th Cir. 2001). Prior notice of the potential for dismissal is a key consideration in determining whether to dismiss a case under Rule 41. *Stough v. Mayville Community Schools,* 138. F. 3d 612, 615 (6th Cir. 1998). Here, Plaintiff was on notice of the potential for dismissal of his case.

Based on the foregoing, the undersigned recommends that the Complaint in this matter be dismissed without prejudice. The importance of a party's compliance with the Court's orders with regards to the briefing schedule in this matter and the substance of the required briefs is

highlighted in the order providing those directions. Given the nature of the review this Court must undertake, the Parties must comply with the requirements of that order. In this case, the Plaintiff has failed to do so. Further, the Plaintiff has failed to provide any information as to why he has failed to do so or otherwise respond to the Court's opportunity to allow him to correct the deficiency. While the undersigned recognizes that dismissal is a harsh consequence, given the Plaintiff's failure to respond to the show cause order or otherwise comply with the Court's briefing schedule, there does not appear to be any less serious effective remedy.

## CONCLUSION

For the reasons set forth herein, the undersigned recommends that the Social Security Complaint in this matter (Docket No. 1) be dismissed without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**